**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| NICKEY ARDD,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 2:19-cv-02345-SHM-tmp<br>Cr. No. 2:16-cr-20094-SHM-1 |

**ORDER CONSTRUING MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B)(6) (ECF NO. 24) AS A SECOND OR SUCCESSIVE § 2255 MOTION AND TRANSFERRING THE MOTION TO THE SIXTH CIRCUIT COURT OF APPEALS**

On October 13, 2017, following a jury trial, Nickey Ardd was convicted of one count of possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of possession of a firearm with a removed, obliterated, or altered serial number, in violation of 18 U.S.C. § 922(k). (*See* Crim. No. 16-cr-20094, ECF Nos. 2 & 105.) The Court sentenced Ardd to a total term of 270 months of imprisonment. (*Id.*, ECF No. 137.) On appeal, Ardd challenged the denial of his motion to suppress and the sufficiency of the evidence presented at trial. The United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentences. *See United States v. Ardd*, 911 F.3d 348 (6th Cir. 2018).

On May 30, 2019, Ardd filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Civ. No. 19-cv-2345, ECF No. 1.) Ardd raised two claims for relief: (1) counsel provided ineffective assistance at sentencing by failing to object to the career

offender enhancement; and (2) appellate counsel was ineffective for failing to file for a rehearing *en banc*. (*Id.*) On June 29, 2022, the Court denied and dismissed the § 2255 Motion and denied a certificate of appealability. (ECF No. 18.) The Court entered judgment the same day. (ECF No. 19.)

On August 1, 2022, Ardd filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 20.) In that motion, Ardd argued that the Court misconstrued his prior criminal record and erroneously concluded that he qualified for the career offender sentencing enhancement. (*Id.*) On August 28, 2024, the Court denied that motion. (ECF No. 23.)

On September 24, 2026, Ardd filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 24 (the "Rule 60(b) Motion").) Ardd again takes issue with the Court's conclusion about the career offender designation. Ardd alleges that "the prior 2255 proceeding did not adjudicate the career offender issue against the complete and controlling State conviction record." (*Id.* at PageID 155.) Ardd alleges that while his presentence investigation report suggests that he was convicted of "an intent-related controlled substance offense," the "original charge is not necessarily synonymous with the offense resulting from a negotiated guilty plea." (*Id.*) Ardd alleges that he pleaded guilty to unlawful possession of a controlled substance, which does not qualify as a controlled substance offense for application of the career offender enhancement. (*Id.*) Ardd states that he "has continued attempting to obtain and assemble the records necessary to establish the precise disposition." (*Id.* at PageID 156.) He asks the Court to expand the record to include the complete "documentary record" of his prior conviction and reopen the judgment "to adjudicate the previously presented career offender issue against the correct and complete State Court record." (*Id.*)

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Fed. R. Civ. P] 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Ardd brings his motion pursuant to Rule 60(b)(6)—the catchall provision. This provision applies only in "exceptional and extraordinary circumstances where principles of equity mandate relief." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citations and internal quotation marks omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Tanner v. Yukins*, 776 F.3d 434, 446 (6th Cir. 2015). "In addition to exceptional circumstances, 'principles of equity [must] *mandate* relief' for subsection (b)(6) to apply. Accordingly, the movant must show: (1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. and Sur. of Am. v. J.O.A. Constr. Co., Inc.*, 479 F. App'x 684, 690 (6th Cir. 2012) (citation omitted). Because public policy favors the finality of judgments, relief under Rule 60(b)(3) or Rule 60(b)(6) requires clear and convincing evidence. *See id.*

"When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas relief, the district court must first determine whether the petitioner is only seeking Rule 60(b) relief or is attempting to file a second or successive habeas application." *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (citing *Gonzalez*, 545 U.S. at 531–32). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief, and requires that the prisoner first "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. 28 U.S.C. § 2244(b)(3)(A). Under the AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007). "A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA." *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014). That necessity arises when the motion "asserts a 'federal basis for relief from the state court's judgment of conviction,' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim on the merits.'" *Id.* (quoting *Gonzalez*, 545 U.S. at 530, 532).

Ardd's Rule 60(b) Motion asserts a new claim for relief because it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief." *Gonzalez*, 545 U.S. at 531. While Ardd describes his motion as an attack on the "integrity of the prior collateral proceeding" (ECF No. 24 at PageID 156), Ardd challenges the Court's denial of his claim that counsel was

ineffective for not objecting to the career offender enhancement because the Court erroneously concluded that one of his prior convictions was a predicate offense for that enhancement. Ardd's Rule 60(b) Motion "is in substance a successive habeas petition" reasserting his previously rejected claim and "should be treated accordingly." *Gonzalez*, 545 U.S. at 531.

The Court **CONSTRUES** Ardd's Rule 60(b) Motion (ECF No. 24) as a second or successive § 2255 motion. This Court has no jurisdiction over a second or successive § 2255 motion absent authorization from the Sixth Circuit. The Clerk **SHALL** terminate the motion (ECF No. 24) on the docket and **TRANSFER** it to the Sixth Circuit for consideration of whether Ardd should be granted authorization to file a second or successive § 2255 motion.

**IT IS SO ORDERED** this 19th day of October, 2026.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE